# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DWIGHT WILLIAMS, SR.,
         Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
         Agency.

DOCKET NUMBER
AT-0752-19-0388-I-1

DATE: May 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tiombe Tallie Carter</u>, Esquire, Montebello, New York, for the appellant.

<u>Amee Patel</u>, Decatur, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed the appeal of his removal taken under the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714). For the reasons set forth below, the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

On February 11, 2019, the agency issued the appellant a decision notice removing him pursuant to 38 U.S.C. § 714 for performance and conduct-related reasons. Initial Appeal File (IAF), Tab 10 at 9-11. The removal was to take effect on March 1, 2019. However, 1 day prior to the effective date of the removal, the appellant retired. *Id.* at 8-9. Subsequently, on March 30, 2019, the appellant filed the instant Board appeal, alleging that he was forced to retire. IAF, Tab 1 at 5. After providing the appellant with notice of the applicable standards for proving timeliness and an opportunity to establish that the appeal was timely filed or that the delay should be excused, the administrative judge issued an initial decision dismissing the appeal as untimely filed under the 10-business-day deadline prescribed by 38 U.S.C. § 714(c)(4)(B). IAF, Tab 11 at 2-3, Tab 14, Initial Decision (ID) at 1-3.

The initial decision specifically stated that the deadline to file a petition for review was July 24, 2019. ID at 3. The appellant's representative filed this petition for review on July 25, 2019, at 1:06 a.m. Eastern Daylight Time (EDT). Petition for Review (PFR) File, Tab 1. The Board's online form notified the appellant's representative that the petition was untimely filed, set forth the criteria to show good cause for an untimely filing, asked her to provide any facts or circumstances related to the untimely filing, and invited argument as to why the Board should find good cause for the delay. *Id.* at 3. In response, the appellant's representative stated that she was late "because [she] was using the state of Georgia timezone (sic), which is the original timezone (sic) for this appeal." *Id.* at 4. Later, she filed a motion to waive the time limit, reiterating that she was "operating under the time zone for the state of Georgia," which she

asserted is Central Standard Time (CST). PFR File, Tab 3 at 4. The agency has not responded to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

The deadline for filing a petition for review in this appeal was July 24, 2019. ID at 3. The appellant's representative filed the petition for review on July 25, 2019, at 1:06 a.m. EDT. PFR File, Tab 1. While the delay here is approximately 1 hour, the Board has consistently denied a waiver of its filing deadline when the delay is minimal but a good reason for the delay is not shown. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014) (dismissing a petition for review that was filed just over 3 hours late because the

appellant did not submit any evidence or argument addressing the untimeliness of the petition or the existence of good cause for the filing delay); *see Dade v. Office of Personnel Management*, 45 M.S.P.R. 12, 14-15 (1990) (refusing to waive a 1-day filing delay when the appellant offered no credible basis for his assertion that he had deposited his petition in the mailbox earlier than the postmark indicated), *aff'd*, 923 F.2d (Fed. Cir. 1990) (Table).  This is especially true when, as in this appeal, the appellant is represented, and even a minimal filing delay will not outweigh an appellant's failure to show that he acted with due diligence in filing his petition for review.  *See Gaetos*, 121 M.S.P.R. 201, ¶ 6; *see also Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (stating that an appellant is responsible for the errors of his counsel because he chose the representative).

Here, the appellant's representative has not offered a persuasive excuse, showed that she acted with diligence, or set forth circumstances beyond her control that affected her ability to comply with the filing limit.  The only explanation provided by the appellant's representative is a befuddling claim that she was filing pursuant to Georgia's time zone, which she appears to believe is in the Central Time Zone.  PFR File, Tab 1 at 4, Tab 3 at 4.  She is mistaken, as the entirety of Georgia is in the Eastern Time Zone, which is the same time zone as Washington, D.C., and New York, where she is located.  *See* https://www.timetemperature.com/tzus/eastern_time_zone.shtml  (last visited May 24, 2024); IAF, Tab 8 at 3.  Even if the appellant's representative was correct in her understanding of time zones, it is irrelevant, as she is located in New York, and it is well established that the timeliness of a pleading filed through e-Appeal Online is based on the time zone where the pleading is being filed.  5 C.F.R. § 1201.14(m)(1) (2019) (explaining that, while all pleadings will be time stamped with Eastern Time by the e-Appeal Online system, the timeliness of pleadings is determined based on the time zone from which the pleading was submitted); *see Henderson v. National Aeronautics and Space Administration*,

116 M.S.P.R. 96, ¶ 8 (2011) (finding an agency's petition to be timely filed because it was filed before 12:00 a.m. CST, and the agency was located in the Central Time Zone).

The appellant's representative erred not only in her placement of Georgia in the Central Time Zone, but also in her failure to recognize that the Board's regulations provide that the time of filing through e-Appeal Online is determined based on the location from which the pleading was filed, which in this case was New York, in the Eastern Time Zone. 5 C.F.R. § 1201.14(m)(1) (2019). A review of the Board's regulations would have rectified this error. Accordingly, we find that the untimely filing of the petition for review was due solely to a lack of due diligence and ordinary prudence on the part of the appellant's representative and thus find that the appellant has not established good cause for the untimely filing of his petition for review.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.